IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY CROWELL,

    Plaintiff,

v.    No. CIV-99-1271 BB/WWD

WARDEN, NORTH FACILITY,
DON HOOVER, ADMINISTRATOR,
EDWARD WALSH, ADMINISTRATOR,
ED MORRIS, DEPUTY DIRECTOR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.



1992).

The complaint claims, *inter alia*, that Plaintiff is wrongly confined in a psychological services facility in the District of Columbia, in violation of certain constitutional protections. Plaintiff's allegations do not explain why he has filed his complaint in this Court, although he was confined as a transferee in New Mexico from 1992 to 1995. He seeks damages and an order requiring that he be transferred to the Southampton Correctional Center Misdemeanor Jail in Capron, Virginia.

The complaint contains no allegations against Defendant Warden, and the only allegation against Defendant Hoover is that he participated in the decision to transfer Plaintiff from New Mexico to the District of Columbia in 1995. Assuming for purposes of this opinion that Plaintiff's rights were violated by the decision and transfer, claims arising from those events are barred by the applicable three-year statute of limitations. *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985); N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990); *and see Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.1994) (§ 1983 claim accrues when plaintiff knows or has reason to know of injury). Plaintiff's claims against Defendants Warden and Hoover will be dismissed.

The claims arising out of Plaintiff's confinement in the District of Columbia will be dismissed. This Court clearly has no jurisdiction of District of Columbia corrections officials or employees. *Stein v. New York Police Dep't*, 76 F.3d 393 (Table, text in Westlaw), 1996 WL 32135, at **1 (10th Cir. Jan. 29, 1996); *cf. Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action). Nothing in the complaint indicates any connection between the District of Columbia Defendants and the State of New Mexico such that *in personam* jurisdiction could be

properly exercised, although the District of Columbia Defendants could consent to this Court's jurisdiction. Furthermore, venue is improper in this district. 28 U.S.C. § 1391(b); *see Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these circumstances, claims against the District of Columbia Defendants could be dismissed or the case could be transferred to the District of Columbia under 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(2) & (3). *Robinson*, 155 F.R.D. at 536 n.1. Accordingly, the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Warden and Hoover are DISMISSED with prejudice; otherwise the complaint is DISMISSED without prejudice; this action is DISMISSED; and a form of judgment will be entered in accordance with this opinion.

/s/ Bruce D. Black
UNITED STATES DISTRICT JUDGE